Urquhart *vs.* Urquhart.

SAMUEL J. URQUHART, plaintiff in error, *vs.* MARY J. UR-QUHART, defendant in error.

1. A married woman may sue out a distress warrant for rent of her separate estate without joining her husband or next friend.
2. If an affidavit is made for a distress warrant, for rent due in specifics, which does not aver the value of the specifics, but upon the trial of the issue formed by the counter-affidavit of defendant before a Justice of the Peace, the value is proved and substantial justice has been done, a *certiorari* should not be granted for want of averment of the value of the specifics, or for allowing such value to be proved in the absence of any averment of value.
3. Upon an issue formed to try whether any rent is due on a distress warrant, questions asked a witness, as to whether defendant ever owned the land, and as to how he came in possession of it, may have been properly ruled out. If the object was to show that the defendant owned the land during the time for which the rent is alleged to be due, the record should go further, and show affirmatively that evidence tending to prove that fact was ruled out.
4. The evidence offered by plaintiff sustains the judgment, and the mere inversion of the order of admitting the proof will not warrant the issuing of the writ of *certiorari*.

Distress warrant. *Feme covert.* Title. Specifics. New trial. Before Judge HARRELL. Early county. At Chambers. March 22d, 1872.

Samuel J. Urquhart presented a petition for *certiorari* to Judge HARRELL containing, substantially, the following allegations : That on March 9th, 1872, at a Justice Court for 1140th District, Georgia Militia, there came on to be heard an issue on a distress warrant, in which petitioner was defendant and Mary J. Urquhart plaintiff; that petitioner

moved to quash the affidavit and warrant on the following grounds, to-wit :

1st. Because the warrant was sued out in her own name (Mary J. Urquhart's) without the joinder of her husband.

2d. Because the affidavit and warrant did not set forth any amount in dollars and cents as due, but simply stated that the defendant was due plaintiff four or five hundred pounds of lint cotton.

The Court overruled the motion and petitioner excepted.

The Court further ruled that the *onus* was on petitioner to show that he was not indebted to plaintiff, to which petitioner excepted.

Y. T. Urquhart, a witness upon said trial, was asked by petitioner if he (petitioner) ever owned the land for the rent of which the distress warrant was sued out? Also, as to how he (petitioner) came into possession of the land ? The Court ruled out these questions, upon the ground that they went to show title, to which petitioner excepted.

The value of cotton was proven at the time the rent is alleged to have become due.

Judgment was rendered for the plaintiff. The writ of *certiorari* was refused and plaintiff in error excepted.

R. H. POWELL, for plaintiff in error.

No appearance for defendant.

MONTGOMERY, Judge.

1. This Court has more than once decided that a married woman, as to her separate estate, stood upon the same footing (with one or more exceptions not necessary to notice here) with a *feme sole*. Hence, she may, without the intervention of a *prochein ami*, sue out a distress warrant for rent of her separate estate, and that without joining her husband.

2. In suits upon all contracts for the payment of specifics, the value of the specifics ought, regularly, to be alleged and proved. But in a Magistrate's Court, where, in such a suit,

there is no averment of the value, but the proof of value is amply made, the absence of any averment of value is no ground for *certiorari* where substantial justice has been done between the parties.

3. There is not enough in this record to show us the relevancy of the questions asked Y. T. Urquhart, and which were ruled out. If the questions were intended to prove that during the time the defendant occupied the land, and for which time he was sued for rent, he was the owner of the land, doubtless the evidence was improperly ruled out. But if that was the object, we can only guess at it. The record does not show it. The defendant may have once owned the land, and yet during the time for which he is sued for rent have been plaintiff's tenant.

4. The magistrate required the defendant to show that he was not indebted to the plaintiff before calling on the plaintiff to make out her case. This was error; and had the magistrate given judgment for the plaintiff on the ground that defendant had failed to prove that he did not owe the debt, the ruling of the magistrate must have been reversed. But as he afterward required plaintiff to go into her proof, and she did, in rebuttal, as it were, make out such a case, we do not think this a sufficient ground for sending the case back, the mere inversion of the order of admitting the proof will not warrant the sanctioning of the writ of *certiorari*.

Judgment affirmed.