HENRY ROSENSTEIN, plaintiff in error, *vs.* R. A. FORESTER *et al.*, defendants in error.

(JACKSON, Judge, having been of counsel in this case, did not preside.)

A distress warrant may issue for rent payable in specifics before the same becomes due, when the tenant is removing his property. The landlord can state in his affidavit the value of the specifics agreed to be paid.

Landlord and tenant. Distress warrant. Before Judge CLARK. Lee Superior Court. March Term, 1876.

Reported in the decision.

W. A. HAWKINS; GEORGE KIMBROUGH, for plaintiff in error.

D. A. VASON; R. F. LYON, for defendants.

WARNER, Chief Justice.

This was a distress warrant sued out by a landlord for rent before the rent became due, on the ground that the tenant was removing his property. The rent agreed to be paid was specified in the agreement, to be cotton, corn, cotton seed and fodder. The defendant filed his affidavit, and replevied the property levied on, in which he alleged the rent claimed, or some part thereof, was not due. Upon this issue the case was tried, and a verdict found for the plaintiffs for the sum of $817 55. After the plaintiffs had closed their evidence the defendant moved the court to non-suit the plaintiffs and dismiss the proceedings, on the ground that a landlord could not distrain for rent before the rent was due, when the tenant was removing his property, where the rent agreed to be paid was in specifics as in this case. The court overruled the motion and the defendant excepted.

The difficulty suggested on the argument here why this could not be done, was that the landlord could not know what would be the value of the specifics agreed to be paid when the same became due according to the terms of the rent con-

tract.    The remedy given by the statute to landlords to distrain for rent due them, is broad enough to include rent agreed to be paid in specifics, as well as rent agreed to be paid in money, and there would seem to be no good reason why the landlord should not have the same right to distrain before the rent becomes due in the one kind of rent as the other, when the tenant is removing his property.    The landlord can make affidavit of the value of the specifics agreed to be paid for the rent which he claims to be due, at the time he sues out the distress warrant, upon his own responsibility, as in other cases. In this case the defendant did not deny that he was removing the property, in his affidavit, but stated therein that the sum distrained for, or some part thereof, was not due and replevied the property levied on.    There was no demurrer to the defendant's affidavit and the parties went before the court and jury upon the issue as to whether the amount distrained for was or was not due, and the jury found a verdict for the plaintiffs for the sum of $817 55, which was $160 07 less than the amount distrained for.    There was no motion for a new trial, and there was no error in the refusal of the court to dismiss the plaintiffs' case on the ground that the rent claimed was payable in specifics.

Let the judgment of the court below be affirmed.