## CORNWELL *v.* LEVERETTE.

1. Where the amount due a landlord is measured by the value of the specifics in which the rent is payable, it is competent for the landlord, after a distress warrant has been converted into mesne process by the filing of a counter-affidavit, to amend his pleadings by alleging the value of the specifics claimed is of a larger sum than that originally named in the affidavit upon which the distress warrant issued.

2. If it is desired to review by direct exception the ruling of the trial court in rejecting an amendment to the pleadings, the proffered amendment, either literally or in substance, must be set out in the bill of exceptions or attached thereto as an exhibit.  The reference in the bill of exceptions to the nature of the rejected amendment is too general and indefinite to raise any question for adjudication.

3. Even if the ruling of the court rejecting an amendment to a defendant's pleading may be reviewed on the motion for a new trial, a copy of the rejected amendment, literally or substantially, must appear in the motion before the court will be called on to review such ruling.  When an amendment to pleading is rejected, the party offering it must abide the court's ruling and can not introduce evidence to support the allegations

therein; his remedy is to except to the ruling on the amendment and in this way test its legal sufficiency.

4. The verdict is supported by the evidence.

Submitted July 18,—Decided December 15, 1906.

Appeal. Before Judge Lewis. Jasper superior court. November 29, 1905.

*W. S. Florence,* for plaintiff in error. *A. Y. Clement,* contra.

EVANS, J. Mrs. Emily Leverette caused a distress warrant to be issued against her tenant, G. L. Cornwell, for "the sum of $70 or 1/4 of the balance of the crop to be gathered" on the rented premises. To the levy of this distress warrant the defendant filed his counter-affidavit that no part of the rent claimed was due. The distress warrant and counter-affidavit were returned to the justice's court. On motion of the defendant, the justice required the plaintiff to elect whether the distress warrant should proceed for the money claimed or one fourth of the crop, and the plaintiff made her election that it should proceed for the sum named therein. The trial resulted in a judgment for the plaintiff, and the defendant appealed to a jury in the superior court. On the trial of the appeal the plaintiff was allowed to amend her affidavit by increasing the amount therein claimed from $70 to $85. The allowance of this amendment is assigned as error. The defendant then offered to amend his counter-affidavit, but his amendment was rejected. The jury returned a verdict for the plaintiff for the sum of $74. A motion for a new trial was made on the usual grounds, and by amendment the movant alleged that a new trial should be granted because the court erred in allowing the amendment to the plaintiff's affidavit and in refusing the proffered amendment to the defendant's counter-affidavit or to allow proof offered in support of the same. The court overruled the motion, and the bill of exceptions complains of the allowance of the amendment offered by the plaintiff, the refusal to allow the amendment to the counter-affidavit, and the denial of a new trial.

1. Where rent is payable in specifics, the value of the specific property should be alleged in the affidavit to distrain. *Toler* v. *Seabrook,* 39 *Ga.* 14; *Urquhart* v. *Urquhart,* 46 *Ga.* 415. A distress warrant may issue for a definite sum without disclosing that the rent was payable in specifics, and it will be no variance on the

trial between the pleadings and the proof that the defendant contracted to pay, as rent, a part of the crop raised, rather than a definite sum of money. *Driver* v. *Maxwell, 56 Ga.* 11; *Renew* v. *Redding,* Id. 311. The affidavit upon which the distress warrant issued was duplicitous, in that the plaintiff claimed that the rent due was either seventy dollars in money or one fourth of the balance of the crop. She offered no amendment to her pleadings in the justice's court, but on the trial in that court was required by the justice to elect whether she would claim that the rent was payable in money or in specifics; and she elected to claim the former. On the appeal, she tendered an amendment alleging that the rent contract was that the defendant should pay as rent one fourth of the crops raised on the rented premises, that only one bale of cotton had been delivered to her by the defendant, and that the value of her proportion of the balance of the crop was $85. The amount due the landlord was measured by the value of the specifics in which the rent was payable; and it was competent, after the distress warrant had been converted into mesne, process by the filing of a counter-affidavit, to amend her pleadings by alleging that the value of the specifics claimed was a sum other and larger than that originally named in her affidavit.

2. The bill of exceptions recites that the defendant offered to amend his counter-affidavit by alleging that the landlord was insolvent and "had damaged defendant in the sum of $58.00, because of breach of rent contract in undertaking to dispossess the defendant of lands he had rented, and for attorney's fees and time and expenses of said litigation, and for time and expenses and attorney's fees in defending the distress warrant, the basis of this suit, because said warrant was illegally sworn out and before the rent was due under the contract, said damages being divided and indicated as they occurred." The proffered amendment does not appear in the bill of exceptions, and the characterization of its nature, as appears from the quoted extract, is too general and indefinite to present any legal question for determination. It is true that the proffered amendment is specified in the bill of exceptions as a part of the record, but it forms no part of the record, and this court can not consider what purports to be a copy of it embraced in the transcript of the record sent up by the clerk of the court below. The proffered amendment should have been set forth, either liter-

ally or in substance, in the bill of exceptions, or attached thereto as an amendment. *Taylor* v. *McLaughlin,* 120 *Ga.* 703.

3. In the motion for a new trial the defendant also assigns as error the disallowance of his amendment, but he neither attaches the amendment nor sets it forth, either literally or in substance. Even if the ruling of a judge disallowing an amendment to a defendant's pleadings can be reviewed by a motion for a new trial, this ground of the motion can not be considered, as it does not disclose the contents of the proffered amendment.

Other grounds of the motion complain that the court refused to allow evidence offered in support of the rejected amendment. Where a trial court refuses to allow an amendment, the party offering it must abide by the court's ruling and can not introduce evidence to support the allegations therein; his remedy is to except to the ruling on the amendment and in this way test its legal sufficiency.

4. The verdict was supported by the evidence and has the approval of the trial judge, and we see no reason to disturb it.

*Judgment affirmed.    All the Justices concur.*