### 1417. HOLT v. THE STATE.

RUSSELL, J. 1. The accusation setting forth the offense in the language of the code, and so plainly that the nature of the offense could easily be understood by the jury, the demurrer was properly overruled.

2. The factum of the allegations contained in the indictment is for the jury, but their materiality is to be determined by the court. Consequently, to charge the jury, without explanation, that "the State is required to prove each and every material allegation in the accusation, to the satisfaction of the minds of the jury beyond a reasonable doubt, and the jury is to decide as to the materiality of the allegations," is error. A crime is defined by the allegations in an accusation, but it is the duty of the court to legally explain the definition.

3. In a criminal case in which the guilt of the defendant is dependent wholly upon circumstantial evidence, it is error not to instruct the jury that if the proved facts are reasonably consistent with innocence, he should be acquitted.          *Judgment reversed.*

Accusation of misdemeanor, from city court of Ashburn—Judge Hawkins. August 27, 1908.

Argued October 27,—Decided November 10, 1908.

The accusation charged Holt with "the offense of a misdemeanor, for that the said . . Holt, on the 1st day of December, in the year 1907, in the county aforesaid, did then and there unlawfully and with force of arms, for that he unlawfully, wrongfully and fraudulently, after having made a rent contract for the year 1907 with one W. A. Greer, on which rent contract he was due said W. A. Greer $124.20 for rent and advances made upon the crops grown upon said rented land, for which he was due the said W. A. Greer, landlord, on a landlord's lien, sell and otherwise dispose of 15 bushels of corn and ten bushels of sweet potatoes grown on said rented premises before the payment of the landlord's lien, without the consent of, and with intent to defraud, said W. A. Greer, the landlord, and loss was sustained by said W. A. Greer, in the sum aforesaid, contrary to the laws of said State," etc. The demurrer was on the following grounds: (1) It is not stated what part of the crops was sold, or to whom the defendant sold, or what he received for the articles sold; nothing is shown by which the transaction or transactions referred to may be identified; no particular transaction is pointed out, and there is nothing to put the defendant on notice as to what he has to meet, and to enable him to prepare his defense. (2) The language "and otherwise dispose of" is indefinite and meaningless, and should be stricken. (3)

No facts are set forth to show that the defendant was the tenant of the prosecutor (the alleged landlord) ; it is not shown what land was rented, nor what price was to be paid, nor what amount of rent, if any, was due, nor how much, if anything, had been paid. (4) It is generally charged that there was a sale and disposition before paying for advances, but it is not charged in any way that advances were furnished. It should be specifically stated that advances were made, what articles were furnished, the time each article was furnished and its value, the total amount furnished, and what credits, if any, the defendant is entitled to thereon. (5) It is not alleged that the sale or disposition charged was fraudulent, or was intended to defraud the prosecutor in any way; no facts are set forth to show fraud or fraudulent intent; and it is not alleged or shown that the prosecutor was damaged. (7) No sufficient facts are set forth to make the defendant guilty of the offense charged.

In the motion for a new trial it is alleged that the court erred in the instruction set out in the foregoing decision, and erred in failing to give in charge to the jury the law as embodied in section 984 of the Penal Code, or to point out under what circumstances a conviction on circumstantial evidence would be warranted.

*R. L. Tipton, M. Tison, J. H. Tipton,* for plaintiff in error.
*J. A. Comer, solicitor, W. E. Talley,* contra.