### 5488.  BELL *v.* THE STATE.

RUSSELL, C. J. 1. In a prosecution for a violation of the provisions of section 721 of the Penal Code an accusation which sets forth the offense in the language of the code, or so plainly that the nature of the offense can easily be understood by the jury is sufficient (Penal Code, § 954) ; and the court did not err in overruling a demurrer based upon the ground that the accusation failed to specify what crops, or to whom the crops alleged to have been sold, were sold, or the price received, or the amount sold, or the nature or terms of the contract under which the landlord's lien for rent arose. *Holt* v. *State,* 5 *Ga. App.* 184 (62 S. E. 992).

2. The penalties imposed for a violation of section 721 of the code are directed against any sale by a tenant of property subject to the lien of the landlord for rent or for advances made upon the crop, and apply as well when the sale is effected by indirection as when actual delivery of the property subject to the lien is contemporaneous with the illegal contract of sale; for a sale is none the less a sale because future delivery of the article purchased is contemplated. Consequently it was not error for the trial judge to instruct the jury, in effect, that the transfer by

the accused of rent notes, taken by him from subtenants and payable to himself in cotton which was subject to the lien of his landlord, would be equivalent to the sale of cotton actually grown by the accused on the rented premises, provided that the transfer was without the consent of the landlord, and that the landlord thereby sustained a loss.

(a) The instruction of the trial judge as to the consent of the president of the corporation which was alleged to have been the landlord of the accused was not harmful; for it was an instruction more favorable to the accused than he was entitled to receive, in that the testimony as a whole tended to show that the secretary and treasurer was the officer properly authorized to give or withhold consent. The evidence fails to show that the president was the officer authorized in behalf of the prosecuting corporation to consent or refuse to consent; and, ordinarily, this power would not be within the scope of the duties of a president of a corporation.

3. There was positive evidence of a sale by the accused of a smaller amount of cotton than that alleged in the accusation, and the circumstances were such as to authorize the inference that this sale was made without the consent of the landlord and with intent to defraud, and that loss thereby resulted to the landlord. · Hence the trial judge did not abuse his discretion in refusing to grant a new trial.

<em>Judgment affirmed. Roan, J., absent.</em>

Decided March 26, 1914.

Accusation of misdemeanor; from city court of Albany—Judge Clayton Jones. January 5, 1914.

*R. J. Bacon, R. H. Terrell,* for plaintiff in error.
*Conger Westbrook, solicitor,* contra.