30006. FAIRCLOTH *v.* THE STATE.

Decided May 28, 1943.

442

444

*H. F. Lawson, R. H. Lawson,* for plaintiff in error.

*M. H. Boyer, solicitor-general, L. A. Whipple,* contra.

BROYLES, C. J. (After stating the foregoing facts.)

In *Bell* v. *State,* 14 *Ga. App.* 425 (81 S. E. 253), this court held that in a similar prosecution, "An accusation which sets forth the offense in the language of the Code, or so plainly that the nature of the offense can easily be understood by the jury is sufficient; . . and the court did not err in overruling a demurrer based upon the ground that the accusation failed to specify what crops, or to whom the crops alleged to have been sold, were sold, or the price received, or the amount sold, or the nature or terms of the contract under which the landlord's lien for rent arose. *Holt* v. *State,* 5 *Ga. App.* 184 (62 S. E. 992)." The instant indictment substantially set forth the offense in the language of the Code, except that it charged that the defendant "sold, removed, and otherwise disposed of" the crops, the language of the Code being "sold, or otherwise disposed of." This discrepancy did not in anyway prevent the jury from easily understanding the nature of the offense charged, for if the defendant sold or otherwise removed the crops he would be guilty of the offense whether or not he also "removed" them. Furthermore, the word "removed" was mere surplusage. It was wholly foreign and impertinent to the offense charged, and was beyond the circumstances necessary to constitute the offense. Black's Law Dictionary defines "surplusage in pleading" as "allegations of matter wholly foreign and impertinent to the cause. All matter beyond the circumstances necessary to constitute the action."

The indictment charged that the defendant occupied the land in question and produced the crops in question thereon during the year 1939 as the tenant of his landlord, the Metropolitan Life Insurance Company, "the said landlord having furnished to the said C. A. Faircloth, as tenant, for the cultivation, growth and production of said crops, the sum of twenty-three hundred sixty-five and 9/100 dollars, as advances, under contract entered into between said C. A. Faircloth, as tenant, and Metropolitan Life Insurance Company, as landlord, of date of January 17th, 1939, whereby the said tenant obligated to pay said landlord one fifth of the Spanish peanuts, and one fifth of the lint cotton produced, cultivated, and grown on said lands during the year 1939." We think it clearly appears from the language of the indictment and the facts set out therein that the relation of landlord and tenant existed between the parties, and that the crops grown and sold by the tenant were under the landlord's lien for rent and advances. Where the rent is payable in specifics, even though the value thereof is not fixed by the contract, the landlord "may collect his rent by a distress warrant." *Toler* v. *Seabrook,* 39 *Ga.* 14; *Rosenstein* v. *Forester,* 57 *Ga.* 94; *Cornwell* v. *Leverette,* 127 *Ga.* 163 (56 S. E. 300). "When title is shown in the plaintiff and occupation by the defendant, an obligation to pay rent is generally implied; but if the entry was not under the plaintiff, or if possession is adverse to him, no such implication arises." Code, § 61-103. And "Where no time is specified for the termination of the tenancy, the law construes it to be for the calendar year." Code, § 61-104. The cases cited in behalf of the defendant are distinguished by their particular facts from this case. In our opinion the overruling of the demurrer was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*