## 26564.   SPURLIN v. THE STATE.

HAWES, Justice. The appellant was convicted of armed robbery. He appealed to this court from the judgment of conviction and sentence, specifying 23 grounds of enumerated error. The nature of his contentions and such facts as are necessary to an understanding of the points raised will be set forth in the opinion.

1. The accused was imprisoned in the State penitentiary at Reidsville under sentence in another case. The District Attorney for the Atlanta Judicial Circuit filed with the State Board of Corrections a "detainer" under the provisions of the Act approved April 8, 1968 (Ga. L. 1968, p. 1110 et seq.) amending the Act approved February 20, 1956 (Ga. L. 1956, p. 161 et seq.), as amended, requesting that the board retain custody of the accused pending his delivery to the Sheriff of Fulton County to stand trial upon the indictment involved in this case. Pursuant to the provisions of § 33.10 (a) of the aforesaid 1956 law (added by § 1 of the 1968 Act), the accused filed a written request that a final disposition be made of all indictments pending against him. Thereafter, he was not brought to trial on this indictment until more than two

terms of court had passed, and he contends that the failure to try him within two terms of court after he filed his request for final disposition of the detainer resulted in his absolute discharge under the provisions of *Code Ch.* 27-19 relating to demand for trial. The obvious purpose of the 1956 Act as amended was to establish a procedure whereby prosecuting officers of the various courts of this State may notify the State Board of Corrections of pending indictments against prisoners held in any institution administered by such board and be assured thereby that such prisoners, upon completing their sentences, would not be released by the State Board of Corrections but would be turned over to the appropriate prosecuting authorities for trial on such pending indictments. That Act provides that the appropriate prosecuting officer may file with the State Board of Corrections a "detainer" requesting that said board retain custody of an inmate pending his delivery to the proper authorities to stand trial upon any such pending indictment, accusation or information, and it further provides that the inmate against whom such detainer, or detainers, has been filed may file a request that a final disposition be had of all indictments, accusations or information pending against him on which detainers have been filed against him and that if he be not tried within two terms of court after the receipt by the appropriate prosecuting officers and court of his request for final disposition, "all detainers based upon such pending indictments, accusations or informations shall be stricken and dismissed from the records of the State Board of Corrections." This is the only relief granted to an inmate who makes such a request. The request referred to in that Act is not the equivalent of a demand for trial under the provisions of Ch. 27-19 of the Code, and the failure to try the inmate at the term at which such request is made or at the next succeeding term, does not authorize his discharge and acquittal of the offense charged in the pending indictment, accusation, or information. Accordingly, the trial

court did not err in refusing to discharge the appellant on the ground that he had not been tried at the first or second term after making the request.

2. The written request of the defendant, in the nature of a motion for a writ of habeas corpus ad testificandum, that certain named individuals "now confined to the State Prison located at Reidsville, Georgia," are material and necessary witnesses for the defendant upon the trial of the case and should be produced to testify at said trial was properly denied where the affidavit in support thereof failed to show, other than by way of the conclusion of the movant, that the testimony of these witnesses would be material and that their attendance was necessary to the defendant's case, and where said motion was not made until the day the case was called for trial. *Reid v. State,* 119 Ga. App. 368 (5) (166 SE2d 900).

3. Upon the trial of the case, the defendant was ably and well represented by the public defender. The fact that the public defender had previously, while serving as an assistant district attorney, prosecuted the defendant for another crime constitutes no basis for the grant of a new trial, and the point not having been raised in the trial court, this court will not order that the verdict of guilty and the sentence be set aside on this account. *Turner v. Smith,* 226 Ga. 448 (2) (175 SE2d 653).

4. Several grounds of enumerated error relate to objections to evidence by the defendant and to motions for mistrial made on account of the admission in evidence over objection of testimony tending to show the commission of other crimes by the defendant. This evidence tended to show that prior to the commission of the offense here involved the defendant and two others were being transported by a deputy sheriff from Richmond County to the State prison at Reidsville; that the defendant and one of the other prisoners managed to disengage the handcuffs by which they were secured and to overpower the deputy sheriff, taking his gun from him and forcing him to drive them to the vicinity of Atlanta where they handcuffed

him to a tree and departed with his automobile and gun; that later a described automobile was stolen from another witness, and that this automobile matched the description of the automobile used in the getaway by the perpetrators of the holdup for which the defendant was on trial; that that automobile was later found abandoned near the scene of the crime with a fingerprint on its rear-view mirror identified as that of the accused, and that the defendant and one of those who escaped with him were shot and wounded in a gun battle in the City of LaGrange, Georgia, said gun battle stemming from another attempted holdup. Witnesses testified that the gun used in the holdup in question resembled the gun taken from the deputy sheriff by the defendant and his companion in their escape. This gun was recovered after the "shootout" in LaGrange. Counsel for the defendant objected to this evidence on the ground that it introduced into the case evidence of other crimes for which the defendant was not on trial. "The general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible." *Williams v. State,* 152 Ga. 498, 521 (110 SE 286); *Cawthon v. State,* 119 Ga. 395 (4) (46 SE 897); *Frank v. State,* 141 Ga. 243 (80 SE 1016); *Bates v. State,* 18 Ga. App. 718 (90 SE 481). However, where such evidence of other criminal transactions is a part of the res gestae or tends to show motive, or to show a course of conduct pointing toward and leading to the crime or to the concealment of the crime or the identity of the perpetrator thereof, such evidence is admissible as an exception to this general rule. *Hill v. State,* 161 Ga. 188, 189 (129 SE 647); *Bradberry v. State,* 170 Ga. 859, 863 (154 SE 344); *Green v. State,* 172 Ga. 635, 640 (158 SE 285); *Randall v. State,* 176 Ga. 897, 898 (169 SE 103); *Goodman v. State,* 184 Ga. 315 (191 SE 117); *Johnson v. State,* 188 Ga. 771, 772

(4 SE2d 639); *Hill v. State,* 201 Ga. 300, 303. (39 SE2d 675); *McClung v. State,* 206 Ga. 421, 422 (57 SE2d 559); *Clements v. State,* 226 Ga. 66 (1) (172 SE2d 600). There was no error in admitting evidence complained of in these grounds of enumerated error.

5. The foregoing disposes of all the grounds of enumerated error argued and insisted upon by counsel for the appellant in his brief before this court. The remaining grounds of enumerated error not being argued and insisted upon are deemed to have been abandoned. The evidence authorized the verdict and, no error of law appearing, the judgment appealed from must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 14, 1971—DECIDED SEPTEMBER 8, 1971.

*B. L. Spruell, Weiner & Bazemore, Paul S. Weiner,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode, Bill Weller,* for appellee.