## 32339. LENEAR v. THE STATE.

BOWLES, Justice.

The appellant William T. Lenear was convicted of armed robbery on July 9, 1973, and sentenced to twenty years imprisonment. He was granted an opportunity to perfect an out-of-time appeal. On February 28, 1977, appellant asked and was given permission to represent himself on appeal. He filed his notice of appeal pro se with this court. Appellant enumerates sixteen errors committed in the trial of his case.

On October 10, 1972, Mrs. A. V. Conlin was robbed at gunpoint in her home by two men who had obtained entrance under the guise of delivery men. The robbers took two rings, cash and several credit cards. Mrs. Conlin gave a description to the police which fitted the description of appellant and his co-defendant. At trial, she was able to positively identify the two defendants.

On October 16, 1972, appellant admitted being with a woman who rented a car using the identification of Mrs. Sally L. Conlin. When the car was not returned on time, it was discovered that Mrs. Conlin's name had been forged on the car rental papers.

On October 23, 1972, appellant and his co-defendant were arrested for the unauthorized use of a credit card at the Holiday Inn in Richmond, Virginia. Appellant gave his name to the police as Joseph Cooper. One of the credit cards stolen from the victim was on his person at the time of arrest. Other credit cards taken in the robbery, as well as Mrs. Conlin's driver's license were found on the female with appellant at the time of his arrest. *Held:*

1. We have reviewed the transcript, and we find that

the evidence does support the verdict rendered by the jury. "If there is any evidence to support the jury findings, no error of law appearing, we will not disturb the verdict." *Lawson v. State,* 234 Ga. 136, 138 (214 SE2d 559) (1975). The appellant's first enumeration of error is without merit.

2. In his second enumeration of error the appellant complains that he was denied a speedy trial and his alibi defense was seriously weakened thereby. The record shows that appellant and co-defendant Moore escaped from the Georgia Prison System in September, 1972. They were arrested in Virginia in October, 1972, under the aliases of Joseph Cooper and Kenneth Young. In November, 1972, the Fulton County Grand Jury returned a true bill of indictment against Joseph Cooper and Kenneth Young as the robbers of Mrs. Conlin. Upon learning the true identity of appellant and his co-defendant on March 22, 1973, Fulton County re-indicted the two men five days later under their real names. Upon entry of a plea of not guilty, the trial date was set for July 9, 1973. On these facts, the trial court overruled appellant's motion to dismiss for failure to provide a speedy trial.

Absent a showing that the trial delay was purposeful, oppressive or prejudicial, the trial court did not err in refusing to dismiss the indictment on the ground that appellant was denied the right to a speedy trial. *McClendon v. State,* 237 Ga. 655 (1) (229 SE2d 427) (1976); *Hughes v. State,* 228 Ga. 593 (187 SE2d 135) (1972). The appellant has shown no purposeful or oppressive delay by the state in this case. While nine months is not in itself an undue length of time to await trial, any delay was the result of appellant's remaining under an alias which caused confusion in the indictment process. There appears to be no harm done to appellant being held in jail during this period because he was under a prior prison sentence while awaiting trial. He did not allege that alibi witnesses had become unavailable during the nine months period, but admitted that he did not know anyone who could speak in his defense other than his co-defendant's girl friend whom he did not wish to involve in the case. The trial court was correct in

overruling appellant's motion to dismiss.

3, 4. The appellant complains that it is error to allow the introduction of testimony concerning his arrest in Virginia on October 23, 1972. The testimony of Detective Austin of the Richmond police related the circumstances surrounding the appellant's arrest, and was admissible. This is also true of statements made by appellant's co-defendant explaining circumstances surrounding the arrest. *State v. Luke,* 232 Ga. 815, 816 (209 SE2d 165) (1974); *Morgan v. State,* 229 Ga. 532 (192 SE2d 338) (1972).

The detective also testified that appellant had signed the name of A. V. Conlin on the Holiday Inn charge slip. This testimony was admissible to show motive and to connect the accused with the armed robbery. The fact that it tended to put the character of the accused in issue did not render it inadmissible. *Hudson v. State,* 237 Ga. 443 (228 SE2d 834) (1976).

5. The appellant complains that during cross examination, the district attorney questioned him regarding his post-arrest silence. This is not shown by the record. The questioning referred to related to the appellant's attempt to find alibi witnesses to testify as to his whereabouts on October 10, 1972. There is no evidence that appellant chose to remain silent after his arrest on October 23, 1972. The district attorney was trying to impeach the appellant's veracity by showing that he knew of no alibi witnesses at any time. We find no error.

6. In his sixth enumeration of error, the appellant complains that it was error to try appellant and his co-defendant together. The record shows no motion for severance made by either party. In any event, if a motion for severance is made in a noncapital case, it is within the discretion of the trial court to grant or deny. That decision will be reversed on appeal only upon a showing of abuse. *Mathis v. State,* 231 Ga. 401 (202 SE2d 73) (1973); *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975). We find no error.

7, 8. Appellant complains that his character was placed in issue by the cross examination of his co-defendant, which inferred that appellant went to Tennessee to avoid trial. The testimony elicited implied that appellant had been in Tennessee with the

co-defendant. There was not the faintest suggestion made that the two men were in Tennessee to avoid criminal charges or in connection with any criminal charges. We do not find the testimony prejudicial, or that it placed the appellant's character in issue. The seventh and eighth enumerations of error are without merit.

9, 10. Appellant alleges that the burden of proof was placed on him during the district attorney's opening statement, his cross examination and in the court's charge to the jury. We find no merit to this argument. At the conclusion of the trial, the jury was charged that the burden was on the state to prove guilt beyond a reasonable doubt. In charging on the affirmative defense of alibi, the judge stated that when considering the evidence as a whole, the jury should vote for acquittal if there was reasonable doubt as to guilt.

During cross examination, asking appellant where he was on October 10, 1972, was an attempt by the district attorney to impeach the witness, and did not shift the burden of proof.

Appellant was indicted for the misdemeanors of carrying a pistol without a license and carrying a concealed pistol. He was acquitted of these charges. Any statements made by the district attorney in his opening argument in reference to the burden of proof on these charges was harmless error. *Robinson v. State,* 229 Ga. 14 (189 SE2d 53) (1972).

11. Appellant complains that a state witness was allowed to testify even though his name was not provided to the appellant. The record shows no written demand or request for a list of witnesses was made by appellant. It was not error to allow the witness to testify. *Jackson v. State,* 235 Ga. 857 (221 SE2d 605) (1976); *Page v. State,* 237 Ga. 20 (227 SE2d 8) (1976).

12, 13. The appellant complains of two instances in which the district attorney made improper remarks to the jury during his closing argument. Both times appellant objected to the statements made and both times the trial judge sustained the objections. The jury was instructed at the time of each objection to disregard the statement made by the district attorney. No motion for mistrial was made.

We find no error by the trial court in refusing to grant

a mistrial, sua sponte. A sustained objection to an improper remark made by counsel, without a motion for mistrial, will not constitute grounds for a reversal. *Grice v. State,* 224 Ga. 376 (162 SE2d 432) (1968); *Moore v. State,* 222 Ga. 748 (6) (152 SE2d 570) (1966). When an objection made to remarks made by counsel is sustained, and instructions to disregard the statements are given, a ruling for mistrial is not demanded. *Gunter v. State,* 223 Ga. 290 (3) (154 SE2d 608) (1967).

14, 15. Appellant complains that he was denied effective assistance of counsel in this motion for new trial by counsel's failure to pursue same. The general issues contained in that motion are under review in the instant appeal. Appellant does not complain of ineffective assistance of counsel during the course of his trial, or on appeal. Appellant was granted an out-of-time appeal with offer of appointed counsel to correct any injustice done to him by his trial counsel's failure to pursue appellate review of his conviction following his trial. A reversal is not demanded. Appellant's fourteenth and fifteenth enumerations of error have been cured.

16. Appellant argues that the trial court erred by not granting a mistrial, sua sponte, following prejudicial statements made by the district attorney in his opening argument. Although this court does not find the statement made was prejudicial, no objection or motion for mistrial was made by appellant. No error was committed by the trial court in not granting a mistrial. *Clenney v. State,* 229 Ga. 561 (3) (192 SE2d 907) (1972); *Joyner v. State,* 208 Ga. 435 (67 SE2d 221) (1951).

We find the appeal to be without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 27, 1977 — DECIDED SEPTEMBER 8, 1977.

William T. Lenear, *pro se.*

*Lewis R. Slaton, District Attorney, Donald J. Stein, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.