## 34687. COLEMAN v. THE STATE.

HILL, Justice.

Raymond Lee Coleman was indicted for two counts of murder and one count of aggravated assault as a result of an incident in a bar in Augusta, Georgia, on August 11, 1978. Coleman admitted that he shot the three victims; he argued, however, that he did so in self-defense. The jury found him not guilty of aggravated assault upon the survivor but guilty of the two counts of murder.

1. Coleman's first enumeration of error is that the trial court erred in admitting into evidence a recorded statement he gave to the police on August 12, 1978, because he was not given his full Miranda warnings. Miranda v. Arizona, 384 U.S. 436 (86 SC 1602, 16 LE2d 694) (1966). We have reviewed the transcript and find no reversible error.

2. Coleman's second enumeration is that the trial court should have declared a mistrial upon his objection to the part of the prosecutor's closing argument. The record shows that defense counsel made the following objections:

"Your Honor, I would like to object to the remarks by the prosecution to the effect that the jury would be giving the defendant his gun back so he could go out and do some more. That is improper argument and I object to it." The trial court sustained the objection and fully instructed the jury to disregard those remarks. No motion for mistrial was made. In *Lenear v. State,* 239 Ga. 617 (12, 13) (238

SE2d 407) (1977), we held that where defense counsel objects to remarks made by the district attorney in closing argument but does not move for mistrial, and where the trial court sustains the objection and admonishes the jury to disregard the improper remarks, it is not error for the trial court not to have granted a mistrial, sua sponte. That rule is applicable here and we find no error.

3. Coleman's final enumeration is that the verdict is contrary to the law and the evidence and strongly against the weight of the evidence. In essence, he argues that the jury was required by the evidence to find him not guilty because his actions were justified. On the evidence presented here, however, the jury was authorized to reject the defense of justification, to accept the testimony of those witnesses whose testimony showed that Coleman was the aggressor as to the two decedents, and to return the verdict of guilty. *Ridley v. State,* 236 Ga. 147 (1) (223 SE2d 131) (1976).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 9, 1979 — DECIDED MAY 31, 1979.

*Brown & Paschall, Carl C. Brown, Jr.,* for appellant.
*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Staff Assistant Attorney General,* for appellee.

