## 59362. BRADLEY v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for burglary. *Held:*

The evidence showed that when the crime was discovered by the returning occupants of the burglarized house, defendant's car was backed up to the house with the motor running. The defendant came from around the corner of the house shortly thereafter and gave an exculpatory explanation of his presence. A deputy sheriff arrived in a few moments and listened to what the occupants and defendant had to say, including defendant's explanation of how he came to be there. The defendant then volunteered to the deputy that he was scared. When the deputy asked why, he responded that he was on ten years probation. The statement that he was on ten years probation was admitted in evidence over defendant's objection.

Defendant's sole enumeration of error is that the admission of the statement that he was on ten years probation improperly put his character in evidence and was obtained by unwarned custodial interrogation.

The only evidence of the statement came from the deputy. His testimony in a Jackson v. Denno hearing, although somewhat confusing, was that he did not consider the defendant a suspect or place him under arrest until after defendant said he was on

probation. The trial court found that the statement was not the result of custodial interrogation. We find that this ruling was not clearly erroneous and do not disturb it. *Phillips v. State,* 238 Ga. 497, 499 (233 SE2d 758).

Unless the defendant opens the issue, evidence of other criminal activity is generally inadmissible. "However, where such evidence of other criminal transactions is a part of the res gestae . . . such evidence is admissible as an exception to this general rule. [Cits.]" *Spurlin v. State,* 228 Ga. 2, 5 (183 SE2d 765). From the evidence we find that the statement was properly admitted as part of the res gestae. The statement also was admissible as a part of the circumstances surrounding the defendant's arrest. *Lenear v. State,* 239 Ga. 617 (3, 4) (238 SE2d 407).

Accordingly, the trial court did not err in permitting the statement into evidence.

*Judgment affirmed. Deen, C. J., McMurray, P. J., Shulman, Banke and Birdsong, JJ., concur. Smith, Carley and Sognier, JJ., dissent.*

SUBMITTED FEBRUARY 13, 1980 — DECIDED APRIL 11, 1980.

*David A. Fox,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.

CARLEY, Judge, dissenting.

I respectfully dissent from the majority's determination that the defendant's statement that he was on ten years probation was admissible as an exception to the well established rule stated by the majority, to wit: "Unless the defendant opens the issue, evidence of other criminal activity is generally inadmissible." It is true that there are exceptions and one such exception, as enunciated by the majority, is "where such evidence of other criminal transactions is a part of the res gestae." *Spurlin v. State,* 228 Ga. 2, 5. However, in my opinion, the majority's reliance upon *Spurlin* and the evidentiary ruling contained therein is misplaced. "Res gestae" as used in *Spurlin* has no application to the circumstances at bar. In *Spurlin* the "evidence of other crimes" to which objection was interposed was testimony concerning a prior escape by the defendant in connection with which "a described automobile was stolen from another witness, and . . . this automobile matched the description of the automobile used in the getaway by the perpetrators of the holdup for which the defendant was on trial." *Spurlin,* supra. The *Spurlin* evidence further included testimony that "the gun used in the holdup in question resembled the gun taken from the deputy

sheriff by the defendant and his companion in their escape." *Spurlin,* supra. Therefore, the testimony concerning the automobile and gun in *Spurlin* did refer to parts of the res gestae of the offense for which the defendant was on trial. Accordingly, this narrow exception to the rule proscribing evidence of other criminal transactions was properly applied in *Spurlin.*

In this case, however, the statement of the defendant that he was on probation was inadmissible because it did indicate previous criminal activity involving the defendant and the res gestae exception relied on by the majority is inapplicable. The majority is using res gestae to refer only to the position of the defendant's volunteered statement in the chronology of events between crime and arrest. The majority reasons that the *statement* concerning probation was made as a part of the res gestae of the current crime and not that the *probation itself* was part of the res gestae of the criminal conduct which was the subject matter of the trial. Properly applied, the res gestae exception to the rule excluding evidence of other criminal transactions refers to the relationship of the "other" crime or elements of the "other" crime to the crime for which the defendant is being tried. The fact that the defendant here was on "probation" cannot be said to relate to the res gestae of the crime of burglary.

The majority further opines that "the statement also was admissible as a part of the circumstances surrounding the defendant's arrest. *Lenear v. State,* 239 Ga. 617 (3, 4) (238 SE2d 407)." Again the statement by the defendant that he was on probation has nothing to do with the circumstances of his arrest. In *Lenear* the Supreme Court held admissible testimony concerning "the circumstances surrounding the appellant's arrest" including testimony which was admissible "to show motive and to connect the accused with the armed robbery." *State v. Luke,* 232 Ga. 815 (209 SE2d 165) (1974), cited by the Supreme Court in *Lenear,* approved the admissibility of "a pistol concealed in the defendant's trousers and a bottle of pills found in his sock at the time of his arrest." *Morgan v. State,* 229 Ga. 532 (192 SE2d 338) (1972), also cited in *Lenear,* held admissible "among other things, a .22 caliber pistol" found in the automobile from which the defendant fled at the time of his arrest. Thus, in *Lenear, Luke* and *Morgan,* the evidence found to be admissible — over the objection of the defendant — actually related to the arrest of the defendant. Here the import of the volunteered statement that the defendant was on probation is not a circumstance of the arrest so as to be admissible for this purpose. I think that the erroneous admission of this testimony requires reversal and a new trial. I, therefore, dissent.

I am authorized to state that Judge Smith and Judge Sognier join in this dissent.