### 59970. THOMAS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of violating the Georgia Controlled Substances Act (unlawfully selling cocaine on October 10, 1978). He was sentenced to serve a term of ten years to run consecutively to any time now being served. A motion for new trial was filed and denied, and defendant appeals. *Held:*

1. The defendant came under investigation by reason of certain drug sales and transactions occurring in the College Park area (Fulton and Clayton Counties). On October 3, 1978, a narcotics agent observed the defendant make a drug transaction in Fulton County. This agent then purchased from the defendant certain drugs on October 9, 1978, which also took place in Fulton County. The state contends that both of these transactions led to the Clayton County case on October 10, 1978, in which this same agent purchased a small amount of cocaine from him and thereafter on October 11, 1978, made a purchase of heroin, and on October 12, 1978, a purchase of cocaine. The defendant's testimony that he was merely a go-between, in that he was set up by "Lucky," who handed him a bag and told him to give it to the undercover agent. He testified he did not know "Lucky" was making a drug sale but was handed "the stuff" by "Lucky" and in turn handed "the stuff" to the undercover agent. He further testified that one "Robert" and "Lucky" who were working for the Atlanta narcotics squad and the undercover agent caused him

to have six charges against him and that he went to court on it in Atlanta and "they gave me five years."

Prior to the testimony by the defendant herein during the presentation of the state's case, the undercover agent, in giving testimony, testified as to meeting an informant in October, 1978, who eventually set up the transaction with the defendant; that on October 3, 1978, he witnessed a drug sale, he observed the defendant and another narcotics agent "make a drug transaction." Whereupon the jury was excused and counsel for defendant moved for a mistrial based upon the contention that the state was placing his client's character in issue and prejudicing him in the eyes of the jury. The motion was then overruled and the state proceeded to set up the series of sales thereafter occurring on October 9, 1978, at a clubhouse in Fulton County ("an ounce of heroin"), and on October 10, 1978, the purchase of "a quarter of an ounce of cocaine" in Clayton County within the city limits of College Park. The officer denied that "Lucky," who was present with the defendant, had acted as a go-between but defendant directly handed him "the stuff" and the undercover agent gave the money to the defendant in payment of same. Thereafter he testified that on the next day, October 11, 1978, he purchased "two heat-sealed plastic bags containing a light brown powder which he [the defendant] represented to be heroin and I handed him seven hundred dollars in U.S. currency." With reference to each instance of the above sales, a continuing motion for mistrial based upon placing the defendant's character in issue was made and overruled. It is well established that evidence of other crimes may be admitted even though they may incidentally place defendant's character in issue where the evidence tends to prove motive, scheme, identity or modus operandi; and this principle has been recognized in drug cases. See *Mayfield v. State,* 150 Ga. App. 807 (1) (258 SE2d 613); *Sprague v. State,* 147 Ga. App. 347, 348 (3) (248 SE2d 711); *Howard v. State,* 144 Ga. App. 208, 211-212 (5) (240 SE2d 908); *Zinn v. State,* 134 Ga. App. 51 (2) (213 SE2d 156); *Terry v. State,* 36 Ga. App. 305 (136 SE 476).

Under the facts of this case there was logical connection between the various transactions and the transactions involved in this trial so that proof of one tended to establish proof of the other and the evidence was properly admitted. See *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515).

2. The evidence here was amply sufficient to authorize the jury to find beyond a reasonable doubt that the defendant was guilty. See *Stroming v. State,* 152 Ga. App. 129, 130 (262 SE2d 193); *Smith v. State,* 152 Ga. App. 134, 136 (262 SE2d 166).

After a careful review of the trial transcript and record in the

case sub judice we find, and so held, that a rational trier of fact, the jury in this case, could easily have found that the defendant was guilty beyond a reasonable doubt of the sale of the controlled substance. *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED JUNE 5, 1980 — DECIDED OCTOBER 30, 1980.

*Leonard N. Steinberg,* for appellant.

*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.