64692. BURDEN v. THE STATE.

CARLEY, Judge.

Appellant appeals his conviction for burglary.

1. The state has moved to dismiss the appeal based on the purported invalidity of appellant's motion for new trial. No rule nisi was attached to the appellant's motion for new trial. The state argues that the motion was therefore subject to dismissal and that the trial court's order denying the motion for new trial cannot serve as a basis for filing a notice of appeal, as it was simply disposing of the void and abandoned motion. Accordingly, the state contends that the notice of appeal, although filed within 30 days after entry of the order denying the new trial, was not timely filed. Pretermitting the issue as to the validity of the motion for new trial, the motion to dismiss the appeal must be denied. *Harrison v. Harrison,* 229 Ga. 692 (1) (194 SE2d 87) (1972).

2. The sole enumeration of error is the trial court's failure to declare a mistrial after testimony of the victim allegedly put appellant's character in issue.

The victim testified that the appellant, her brother, came to her home for the first time on the date in question in the early evening. He had been drinking and stated that he wanted to tell her something that "Lena Bell" had said. After they conversed for a time, appellant left. He returned after midnight in a drunken state and, when the victim refused to admit him to the house, he forced the door open, entered, knocked her to the floor, and allegedly attempted to rape her. The victim also stated that, after appellant had returned to her home and had torn the door open, he had said, " 'I just wanted to tell you what Lena Bell said.' "

The victim further testified that, during the verbal exchange

that occurred while appellant was trying to force his way into the house and while he was threatening her with sexual assault, she had said to him, "I'm your sister, I'm your oldest sister and I'm the only one that tried to help momma with you." The victim was then questioned whether appellant had at that time asked her "anything about your helping his mother?" The witness answered: "I'm the onlyst one that hope [sic] my momma with him when he was down yonder in Odum, Georgia, in the chaingang, buying things for him, cigarettes and . . ." At this point, counsel for the appellant made his objection and moved for mistrial. The trial court permitted the district attorney to proceed with his questioning if he could connect the victim's testimony concerning appellant's previous imprisonment with the events of the crime. The following colloquy then occurred:

District Attorney: "I'm asking her if the fellow made a statement."

Witness: "He didn't ask me but one time, you know, when he first come there, you know, when he first come there, and got to talking about Lena Bell, you know, what he wanted to tell me about what she said."

District Attorney: "What did he ask you about that?"

Witness: "He asked me did I help my momma with him at all when he was down in prison. I told him yeah. He said 'that's all I [want] to Goddam know, did you.' "

At the close of the evidence, the trial court overruled appellant's objection to the testimony and denied the motion for mistrial.

"Relevant evidence is admissible even though it may reflect on the character of the accused." *Pittman v. State,* 245 Ga. 453, 457 (3) (265 SE2d 592) (1980). See also *Lenear v. State,* 239 Ga. 617, 619 (3, 4) (238 SE2d 407) (1977). The victim's testimony explained appellant's insistence in talking to her about what "Lena Bell" had said the victim had or had not done to "help" appellant while he was incarcerated. The victim's testimony was relevant to show the reason for appellant's obvious displeasure with the victim and was admissible to establish his motive and intent in breaking into the victim's home and attacking her. *Pender v. State,* 249 Ga. 495, 496 (292 SE2d 69) (1982); *Robinson v. State,* 246 Ga. 469, 470 (271 SE2d 786) (1980); *Barnes v. State,* 245 Ga. 609, 610 (2) (266 SE2d 212) (1980); *Phillips v. State,* 148 Ga. App. 174 (1) (251 SE2d 128) (1978). That this otherwise admissible evidence contained an incidental reference to appellant's past prison term, tending thereby to put his character in issue, did not render it inadmissible. *Lenear,* 239 Ga. at 619, supra; *Hudson v. State,* 237 Ga. 443, 444 (228 SE2d 834) (1976). Therefore, the trial court did not err in admitting this evidence. We

note that appellant did not request a cautionary instruction to the jury on the limited purpose for which this evidence should be used nor does he complain now that such an instruction was not given. There was no error in refusing to declare a mistrial.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED NOVEMBER 23, 1982.

*Michael J. Moses,* for appellant.
*H. Reginald Thompson, District Attorney, William H. McClain, Assistant District Attorney, Richard A. Malone,* for appellee.