69429. BOSTIC v. THE STATE.
(326 SE2d 849)

McMurray, Presiding Judge.

Defendant was convicted of selling cocaine in violation of the Georgia Controlled Substances Act. He appeals, setting forth four enumerations of error. *Held:*

1. Defendant contends the trial court erred in overruling his general and special demurrers to the indictment. The indictment charged and accused defendant "with the offense of VIOLATION OF THE GEORGIA CONTROLLED SUBSTANCES ACT (SALE OF CO-CAINE) for that the said [defendant] in the County [Laurens] and State aforesaid, on the 24th day of September, in the Year of Our Lord Nineteen Hundred and Eighty Three, did unlawfully SELL A CONTROLLED SUBSTANCE, TO WIT: COCAINE, IN VIOLA-TION OF THE GEORGIA CONTROLLED SUBSTANCES ACT, Contrary to the laws of said State, the good order, peace, and dignity thereof."

It is defendant's contention that the indictment is insufficient because it fails to allege the time of the sale, the amount of cocaine sold, or to whom the sale was made. In testing the sufficiency of an indictment, it must be borne in mind that the indictment need not quote literally the exact language of the statute which the defendant allegedly violated. *Farrar v. State,* 187 Ga. 401 (2) (200 SE 803). Nor is it necessary that the indictment specify the crime allegedly committed by name or Code section. *Allen v. State,* 120 Ga. App. 533, 534 (2) (171 SE2d 380); *Curtis v. State,* 80 Ga. App. 244, 246 (55 SE2d 758). With regard to the particulars of the offense, the indictment need not state the time of day the offense was committed. *Miller v. State,* 224 Ga. 627, 630 (3) (163 SE2d 730). And, where the indictment alleges an illegal sale, it is not necessary that it allege to whom the sale was

made, the amount sold or the price received. *Herrin v. State*, 138 Ga. App. 729 (1) (227 SE2d 498), disapproved on other grounds, *Patterson v. State*, 238 Ga. 204, 207 (232 SE2d 233). See *Stinnett v. State*, 132 Ga. App. 261 (208 SE2d 16). See also *Faircloth v. State*, 69 Ga. App. 441, 444 (26 SE2d 118); *Bell v. State*, 14 Ga. App. 425 (1) (81 SE 253).

"[T]he true test of the sufficiency of the indictment is not 'whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any .other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." ' *Walker v. State*, 146 Ga. App. 237, 241 (246 SE2d 206) and cits." *State v. Black*, 149 Ga. App. 389, 390 (2) (254 SE2d 506). We think the indictment sub judice alleged an offense which was easily understood by the jury and enabled the defendant to plead a former acquittal or conviction. *Herrin v. State*, 138 Ga. App. 729 (1), supra. See *Fletcher v. State*, 157 Ga. App. 707 (2) (278 SE2d 444). Moreover, in view of defendant's alibi defense, it does not appear that the failure to allege the time of sale, to whom the sale was made or the amount sold, materially affected defendant's ability to prepare his defense. See *State v. Eubanks*, 239 Ga. 483 (238 SE2d 38); *Massengale v. State*, 164 Ga. App. 57, 58 (1) (296 SE2d 371). The trial court did not err in overruling defendant's demurrers. The first enumeration of error is without merit.

2. In his second enumeration of error, defendant contends the trial court erred in allowing the State's forensic chemist to testify that the substance which defendant allegedly sold was cocaine. In this regard, defendant argues the trial court failed to determine whether the tests employed by the chemist reached a scientific state of verifiable certainty or rested upon the laws of nature. See *Harper v. State*, 249 Ga. 519, 523 (1) (292 SE2d 389).

"It is for the trial court to determine whether a given scientific principle or technique is competent evidence. *Harper v. State*, 249 Ga. 519 (1) (292 SE2d 389) (1982)." *Williams v. State*, 251 Ga. 749, 750 (1) (312 SE2d 40). See also *Smith v. State*, 250 Ga. 438, 440 (4) (298 SE2d 482). "The trial court may make this determination from evidence presented to it at trial by the parties; in this regard expert testimony may be of value. Or the trial court may base its determination on exhibits, treatises or the rationale of cases in other jurisdictions . . . . Once a procedure has been recognized in a substantial number of courts, a trial judge may judicially notice, without receiving evidence, that the procedure has been established with verifiable certainty, or that it rests upon the laws of nature." *Harper v. State*,

249 Ga. 519, 525, supra.

In the case sub judice, the forensic chemist testified he used four screening tests to determine the nature of the drug allegedly sold by defendant: Scott's test, the Marquis test, the Mecke test and the Dilly companion test. The chemist averred further that he employed other standard procedures to identify positively the substance: ultraviolet spectrophotometry, thin layer chromatography, gas chromatography and infrared spectrophotometry. In describing his laboratory approach, the chemist made it clear that the tests are scientifically reliable. In reading 3 Criminal Defense Techniques, § 57.05 [2] (Matthew Bender & Co., 1984), it is reflected that cocaine responds to the Marquis reagent and Mecke's test; and that the drug "can be identified by chromatography and spectrophotometric tests." Accordingly, any failure on the part of the trial court to expressly determine the admissibility of the test results in accordance with *Harper v. State*, 249 Ga. 519, supra, must be deemed harmless. Defendant's second enumeration of error is without merit.

3. In his third enumeration of error, defendant asserts the trial court erred in refusing to fund the appointment of an independent forensic chemist to analyze the drug which defendant allegedly sold. "The granting or denial of a motion for appointment of an expert witness lies within the sound discretion of the trial court and will not be overturned on appeal unless there has been an abuse of discretion. *Holsey v. State*, 235 Ga. 270 (3) (219 SE2d 374) (1975). See generally *Patterson v. State*, 239 Ga. 409 (238 SE2d 2) (1977); *Welch v. State*, 237 Ga. 665 (8) (229 SE2d 390) (1976)." *Dampier v. State*, 245 Ga. 427, 431 (4) (265 SE2d 565). In view of defendant's alibi defense, defendant has made no showing of how he was harmed by the court's failure to appoint an independent forensic chemist. See *Norley v. State*, 170 Ga. App. 249, 252 (4) (316 SE2d 808). No contention was made that the State's expert was biased or incompetent; and defendant was permitted a thorough and sifting cross-examination of the State's expert. We find no error here.

4. During the trial, the district attorney elicited the following testimony from the undercover agent to whom defendant sold the cocaine: "He [defendant] leaned into the car and he said I want to make sure I get a good look at you because I've been put in jail several times before for selling drugs and if you're the police I'm going to kill you." In his final enumeration of error, defendant asserts the trial court erred in failing to exclude this evidence because it impermissibly placed his character in issue. We disagree. The statement was properly admitted as part of the res gestae. *Bradley v. State*, 154 Ga. App. 333 (268 SE2d 388). Moreover, there was a sufficient similarity between the independent crimes (selling drugs) and the offense charged. *Kraus v. State*, 169 Ga. App. 54, 55 (1) (311 SE2d 493);

*Thomas v. State,* 156 Ga. App. 286 (274 SE2d 684). Compare *Walraven v. State,* 250 Ga. 401, 408 (297 SE2d 278). The remaining enumeration of error is not meritorious.

*Judgment affirmed. Banke, C. J., Birdsong, P. J., Pope and Benham, JJ., concur. Sognier and Beasley, JJ., concur in the judgment only. Deen, P. J., dissents. Carley, J., concurs in the judgment of the dissent only.*

DECIDED FEBRUARY 15, 1985.

*Richard T. Taylor, Samuel A. Hilbun, Karl M. Rice,* for appellant.

*Beverly B. Hayes, District Attorney, William T. McBroom, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge, dissenting.

The majority opinion seems to take judicial notice of the fact that cocaine responds to the Marquis reagent and Mecke's test and that it can be identified by chromatography and spectrophotometric tests.

While this court can and has taken judicial notice of scientific knowledge of which the trial judge did not first notice, *Cornett v. Agee,* 143 Ga. App. 55, 56 (237 SE2d 522) (1977), the knowledge in this cited case, however, was of the two best known laws of physics, the law of entropy and conservation (2nd and 1st laws of thermodynamics). This type scientific knowledge is of the highest quality of exact science which no one questions and meets the rigid verifiable certainty and laws of nature requirements of *Harper v. State,* 249 Ga. 519 (292 SE2d 389) (1982). The Marquis reagent, Mecke, chromatography and spectrophotometric tests, in our opinion, have not attained the verifiable certainty status allowing us to judicially notice it as a matter of fact or law.

We must reverse this case for retrial so that the trial court can initially determine the admissibility of the particular tests under the verifiable certainty requirements of *Harper,* supra. The trial court has the initial responsibility to pass on these questions. Then this court may subsequently determine whether or not the trial judge abused his discretion as to the admissibility issues.

I must respectfully dissent. I am authorized to state that Judge Carley concurs in the judgment of this dissent only.