## 75372. COKER v. THE STATE.
(363 SE2d 356)

BANKE, Presiding Judge.

The appellant was found guilty of two counts of violating the Georgia Controlled Substances Act. He appeals the denial of his motion for new trial. *Held*:

1. In his first two enumerations of error, the appellant contends that the trial court erred in refusing to quash the indictment on the ground that the charges were not set forth with sufficient specificity to enable him to prepare a defense. The first count of the indictment charged that the accused "on the 6th day of January, 1986, did unlawfully deliver, distribute and sell marijuana, in violation of the

Georgia Controlled Substances Act." The second count of the indictment charged that the accused on the "23rd day of January, 1986, did unlawfully deliver, distribute and sell cocaine, a controlled substance, in violation of the Georgia Controlled Substances Act."

The true test of the sufficiency of the indictment is not whether it could have been made more definite and certain but whether it sets forth the elements of the offense intended to be charged and reasonably apprises the defendant of what he must be prepared to meet, and whether, in case any other proceedings are taken against him for a similar offense, the record shows with accuracy to what extent he may plead a former acquittal or conviction. *Bostic v. State*, 173 Ga. App. 494, 495 (326 SE2d 849) (1985). We hold that the indictment at issue in the present case was amply specific to meet these standards. "Moreover, in view of defendant's alibi defenses, it does not appear that the failure to allege the time of sale, to whom the sale was made, or the amount sold, materially affected defendant's ability to prepare his defense." Id.

2. The appellant alleges in his third and fourth enumerations of error that he was denied due process of law because of a seven-month delay which occurred between the alleged criminal transactions and his arrest. There is no right to a speedy arrest, as such, under either the Georgia or United States Constitutions. *Blackwell v. State*, 139 Ga. App. 477 (228 SE2d 612) (1976); *Hoffa v. United States*, 385 U. S. 293 (87 SC 408, 17 LE2d 374) (1966). Under Georgia law, an indictment will not be dismissed on the basis of pre-arrest delay absent proof that the sole purpose of the delay was to gain tactical advantage or that the delay resulted in actual prejudice to the accused, as opposed merely to the "prejudice inherent in any extended delay: *that memories will dim,* witnesses become inaccessible, and evidence be lost." *State v. Madden*, 242 Ga. 637, 638 (250 SE2d 484) (1978). The appellant having failed to show either actual prejudice or an attempt by the state to gain some specific tactical advantage from the delay in this case, the trial court did not err in denying the appellant's motion to dismiss the indictment.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED NOVEMBER 25, 1987.

*John M. Strain*, for appellant.
*William A. Foster III, District Attorney, Blanchette C. Holland, Assistant District Attorney*, for appellee.