### 42986. STEVENS v. THE STATE.

PANNELL, Judge. The defendant was charged with murder and, on trial, was convicted of involuntary manslaughter in the commission of an unlawful act, and the jury fixed his sentence at five years. After sentence he filed his motion for new trial on the three general grounds and five special grounds numbered 4 through 8. Special grounds 5 and 7 were not argued, and will be considered as abandoned. The enumerations of error filed in this court assigned error on the overruling of the motion for new trial, the refusal to direct a verdict of acquittal and two assignments of error on the same charge.

1. The charge, the giving of which is complained of in the specific enumerations of error, is disclosed by the record to have been requested by the defendant in his request to charge number 4. "A party cannot obtain a reversal for an error which he has invited, as by a request to charge." *Horton v. State,* 120 Ga. 307 (47 SE 969); *Partee v. State,* 19 Ga.

App. 752, 756 (92 SE 306); *Chatman v. State,* 6 Ga. App. 564 (65 SE 360).

2. The trial judge charged the jury in reference to voluntary manslaughter in the commission of a unlawful act. The error assigned is his failure to give the following charge: "I charge you that it is unlawful for any person to intentionally point or aim a gun or pistol, whether loaded or unloaded, at another, not in sham battle by the military, and not in self-defense or in defense of habitation, property or person, or other instances standing upon like footing of reason and justice." Another error is assigned on the failure to charge the sentence which could be given if the jury found the defendant guilty of involuntary manslaughter in the commission of a lawful act without due caution and circumspection, that is that the defendant be punished as for a misdemeanor. See *Code* § 26-1010. Neither of these complaints as to failure of the court to charge was called to the attention of the trial judge as required by Section 17 of the Appellate Practice Act nor, in our opinion, do they come within the meaning of or meet the requirements of Paragraph (c) of Section 17. *Nathan v. Duncan,* 113 Ga. App. 630 (6) (149 SE2d 383); *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (149 SE2d 393); *Southern R. Co. v. Grogan,* 113 Ga. App. 451, 458 (148 SE2d 439); *Hollywood Baptist Church of Rome v. State Hwy. Dept.,* 114 Ga. App. 98 (3) (150 SE2d 271); *Barlow v. Rushin,* 114 Ga. App. 304 (151 SE2d 199); *Clark v. Belleau, Inc.,* 114 Ga. App. 587 (3) (151 SE2d 894).

3. Another ground of the motion for new trial complains because the trial court permitted the State to use as a witness in rebuttal a person who had heard all of the testimony in the case up to that point. The rule was applied to all of the witnesses and they were sequestered; however, the record shows without dispute that this witness was unknown to the prosecution until the witness, during the progress of the trial and just before he was put upon the stand, informed the solicitor voluntarily as to his knowledge of the matters subsequently testified to by him. Under these circumstances there was no abuse of discretion on the part of the trial judge in permitting such witness to testify, the witness not being incompetent to testify because of lack of sequestration. See *Shelton v. State,* 111 Ga. App. 351 (1) (141 SE2d 776); *Shelton v. State,* 220 Ga. 610 (140 SE2d 839).

4. The evidence, though in part circumstantial, was sufficient to authorize the verdict found and the trial court did not err in entering sentence thereon and in overruling the motion for directed verdict.

*Judgment affirmed. Bell, P. J., and Whitman, J., concur.*

ARGUED SEPTEMBER 7, 1967—DECIDED DECEMBER 5, 1967—REHEARING DENIED DECEMBER 20, 1967—CERT. ■

*Claude R. Ross, Baxter H. Finch, Northcutt & Edwards, W. S. Northcutt, Robert J. Edwards, A. Tate Conyers,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, George K. McPherson, Amber W. Anderson,* for appellee.

