## 43952. STEVENS v. THE STATE.

WHITMAN, Judge. 1. This is an appeal from the denial of an extraordinary motion for new trial made upon the ground of newly discovered evidence.

Appellant was tried on an indictment charging him with murder in the killing of his wife by the use of a .22 caliber rifle. He was found guilty of involuntary manslaughter in the commission of an unlawful act and sentenced to imprisonment for a period of five years. Appellant's motion for new trial, as amended, was denied and that judgment was affirmed by this court. See *Stevens v. State,* 117 Ga. App. 41 (159 SE2d 456).

There were no eyewitnesses, and the only person who could give an account of the event was appellant. He contended in a statement made to the jury that the homicide was accidental; that he and his wife had had some rough times during their married life, primarily because of the emotional instability of his wife; and that his wife was prone to go into hysteria at times and it would be necessary for him to shock her in some way to bring her out of such a condition. He stated further that, on the night in question, she was beginning to get into such a state while in the bathroom, and in order to bring her to her senses, he picked up a .22 caliber rifle in order to exhibit it to her and thereby shock her into reality; and that he carried the rifle by the barrel and as he stepped over a ledge into the bathroom he tripped and fell and the butt of the rifle struck the floor causing it to fire, striking the decedent under her chin and inflicting the fatal wound.

2. The source of the newly discovered evidence is the appellant's two minor daughters (ages 11 and 14 when the homicide occurred.) Both daughters have executed affidavits stating that they were at home and in the vicinity of the room in which the homicide occurred and that, when they heard the rifle shot, they rushed into the bedroom and saw the appellant lying on the bathroom floor, one daughter saying that the rifle was under the appellant where he had fallen upon it and the other saying that it was lying next to him when she saw it. The older daughter avers that she also heard an object strike the tile floor of the bathroom almost simultaneously with the rifle shot and that she concluded that this was the sound of the butt of the rifle striking the bathroom floor as her father fell.

3. "A new trial may be granted in all cases when any material evidence, not merely cumulative or impeaching in its character, but relating to new and material facts, shall be dis-

covered by the applicant after the rendition of a verdict against him." *Code* § 70-204. But "extraordinary motions for new trial based on newly discovered evidence are not favored by the law. . . [They are] addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless his discretion is abused. If it is not reasonably apparent to the judicial mind that the new facts would probably produce a different verdict, a new trial should not be ordered. *Parks v. State,* 204 Ga. 41 (48 SE2d 837); *Pulliam v. State,* 199 Ga. 709 (35 SE2d 250)." *Patterson v. State,* 208 Ga. 689 (1) (69 SE2d 84).

Appellant stated at the trial that the homicide was an accident; that the gun discharged when the butt of the rifle struck the floor as he fell stepping over a ledge into the bathroom. The new evidence is that an object was heard to strike a tile floor almost simultaneously with the rifle shot and that appellant was seen in a fallen position immediately after the shot was heard.

Putting aside all questions of whether the evidence relied upon could have been discovered with ordinary diligence and presented at the trial, for, if so, denial of the motion would be proper for this reason alone (*Wilkinson v. Smith,* 57 Ga. 609; *Malone v. Hopkins,* 49 Ga. 221; *Arnall v. State,* 14 Ga. App. 472 (1) (81 SE 366)), this court views the new evidence as merely cumulative of that presented at the trial and not such as would probably produce a different result on another trial.

The trial court did not err in denying the motion.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED SEPTEMBER 4, 1968—DECIDED JANUARY 27, 1969.

*Ross & Finch, Claude R. Ross, Baxter H. Finch, A. Tate Conyers,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw,* for appellee.