## 47195. GREY et al. v. THE STATE.

DEEN, Judge. Three Grey brothers (Eddie, Tommy and Bobby Lee) and their father (W. C. Grey) were indicted for aggravated assault, and the three brothers for felony murder. W. C. Grey was acquitted. The brothers were all found guilty of simple assault and involuntary manslaughter under the following facts: Bobby Lee Grey caused a disturbance while arguing with a third person at a country club dance. Whitehurst, a deputy sheriff, was summoned and in an attempt to quell the disorder placed a hand on Bobby Lee's person. The latter hit or possibly stabbed at him. Whitehurst then drew his pistol, hit Bobby Lee on the head and knocked him unconscious. He fell to the floor where he remained bleeding. The pistol fired in the process and the bullet entered a wall. Whitehurst went off to telephone the sheriff's office. A crowd collected which was under the impression that Whitehurst had shot and killed his antagonist. When Whitehurst returned, within two or three minutes, the father and the other two brothers attacked him and, under one view of the evidence, were attempting to gain possession of the pistol with which they thought he had shot their brother. Whitehurst testified "I had. . . one hand on the gun, I went to push it down in the holster, and through the struggle it slipped up out of the holster and time it slipped up out of the holster it fired" a second time, the bullet on this occasion hitting and killing one of the patrons sitting at a table. *Held:*

1. The verdicts of guilty of simple assault are supported by the evidence.

2. "A person commits involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so, by the commission of an unlawful act other than a felony." *Code Ann.* § 26-1103 (a). There is evidence to support a finding that Eddie and Tommy Grey, in the course of an unlawful assault (a misdemeanor) on Whitehurst

and an attempt to seize his pistol caused it to go off in Whitehurst's hand and thereby unintentionally caused the death of the innocent bystander. The general rule that one who joins in a common design with others to commit an unlawful act is equally liable for the consequences has been applied to unintentional homicides resulting from a common assault. Robinson v. State, 222 Ala. 541 (133 S 578); Peats v. State, 213 Ind. 560 (12 NE2d 270); Commonwealth v. Stranz, 328 Pa. 33 (195 A 75); 40 CJS 845, Homicide, § 9. Although the Grey brothers may have acted under the erroneous impression that the sheriff had killed their brother, and although an attack on him and an attempt to seize the firearm may have been understandable, it was nevertheless illegal. Whether they were in fact seeking possession of the weapon, and whether their actions were in fact the cause of its discharge, were jury questions. These convictions are supported by evidence.

3. However, Bobby Lee Grey remained on the floor in another part of the room, either unconscious or semiconscious, throughout the ensuing fight. He had no contact with his brothers. Whitehurst left the room and returned; the subsequent assault on him was in no way caused by Bobby Lee and he took no part in it. The amount of joint action which will make one a party to a crime committed by another, as set out in *Code Ann.* § 26-801 (b) must include intentionally aiding or abetting its commission, or intentionally advising, encouraging or procuring its commission, or intentionally causing another to commit it. Since Bobby Lee Grey did none of these things, and since his fight with the officer was entirely separate and distinct from the assault which resulted in the homicide, the involuntary manslaughter conviction must be reversed as to this defendant. *Dover v. State,* 109 Ga. 485 (34 SE 1030).

4. It was not error, after stating the contentions of the defendants (that they were not guilty and that their guilt had not been established beyond a reasonable doubt) to

add: "If from a consideration of the evidence, or from a lack of evidence, or from the evidence in the statement of either of these three defendants, or from the statement of the defendant alone, you believe the contentions of the defendant to be the truth of the case, or if you believe either of these contentions of the defendant to be the truth of the case, it would be your duty to acquit him."

5. It was not necessary for the indictment to allege a conspiracy between Eddie and Tommy Grey to assault Whitehurst. *Bruster v. State,* 228 Ga. 651 (3) (187 SE2d 297).

*Judgments affirmed except as to the conviction of Bobby Lee Grey of involuntary manslaughter, which is reversed. Clark, J., concurs. Eberhardt, P. J., concurs specially.*
SUBMITTED MAY 8, 1972—DECIDED MAY 23, 1972.

*Thomas M. Jackson,* for appellants.

*R. Avon Buice, District Attorney,* for appellee.

EBERHARDT, Presiding Judge, concurring specially. I concur fully as to the affirmance of the convictions of all defendants on the charge of assault, and of Eddie and Tommy Grey on the charge of involuntary manslaughter.

I reluctantly concur in the reversal of the conviction of Bobby Lee Grey on the charge of involuntary manslaughter. It seems to me that we are stretching a distinction beyond reasonableness in concluding that "his fight with the officer was entirely separate and distinct from the assault which resulted in the homicide." Cf. *Bolton v. State,* 21 Ga. App. 184 (1) (94 SE 95).