32110, 32184. HARRIS v. THE STATE (two cases).

UNDERCOFLER, Presiding Justice.

Dennis Harris appeals his conviction and ten-year sentence for armed robbery. We affirm.

The jury, in considering the evidence offered, was authorized to find that Anthony Way and Dennis Harris robbed a Minit Market at gunpoint, while Andre Oliphant and two others waited in a parked car, and that all five split the proceeds of the robbery. The evidence supported

this verdict.

1. Harris urges that the trial court erred in refusing to sever his trial from that of co-defendants Way and Oliphant under the criteria set out in *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975). We do not find, however, that Harris has shown that he was prejudiced by the joint trial as is required under *Cain,* supra. We fail to see how Harris could have been prejudiced by the state's waiver of the death penalty. In addition, although co-defendant Way desired to represent himself, the proceedings were not disrupted thereby. Appointed counsel was present to assist him and, in fact, tried the case for Way after Way's first attempt at cross examination. Harris was not prejudiced by Way's statement that he had purchased gas earlier in the evening, but had not been the one who paid for it. Nor, since none of the defendants presented a defense, can we say that there was any danger of confusing the jury or that their defenses were antagonistic to each other. The admission of the co-defendants' statements is considered below, but suffice it to say for this enumeration that no prejudice requiring a severance has been shown. The trial court did not abuse his discretion in this regard. *Mathis v. State,* 231 Ga. 401 (202 SE2d 73) (1973).

2. In his second enumeration of error, Harris contends that the trial court erred in refusing to rule on his motion to require the confessions by each defendant be purged of all references to the other co-defendants. Since, however, the prosecutor agreed to this and voluntarily did so, we do not find any error. Further, the court charged that the confession of each co-defendant was to be considered only against its maker.

We have reviewed the remaining enumerations of error, that the confessions were not voluntary and that the *defendant's* statement was not corroborated, and find no cause for reversal. Therefore, the judgment is affirmed.

*Judgment affirmed. All the Justices concur.*

32110, SUBMITTED MARCH 21, 1977; 32184, SUBMITTED APRIL 13, 1977 — DECIDED MAY 25, 1977.

*Surrett, Thompson, Bell, Choate & Walker, James D.*

*Walker, Jr.,* for appellant.

*Richard E. Allen, District Attorney, Stephen E. Curry, Assistant District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.