## 56915. GREGORY v. THE STATE.

BIRDSONG, Judge.

Walter D. Gregory was convicted, by a jury, of aggravated assault by shooting one Graham with a pistol. He was sentenced to serve ten years. Gregory brings this appeal enumerating as error the denial of a motion for directed verdict of acquittal and the denial of a motion for new trial based upon an alleged insufficiency of evidence to support the conviction. *Held:*

The victim Graham testified that ". . . I was sitting in the car and they [Gregory and the co-accused, Curry] pulled up behind us and told me to get out. Both of them had pistols. I said, 'I ain't getting out,' and both of them grabbed me by my pants leg and drug me out and started kicking me in my face and Curry told Gregory, 'Open the

trunk.' Some people was [sic] gathering around there and he said, 'Open the trunk, we're going to put him in the trunk,' and Curry told me while Gregory was gone to the trunk, 'If you run, I'm going to kill you.' I broke and run and he shot me in the back.' "

After the jury has returned a verdict of guilty, and the defendant seeks a reversal of his conviction on appeal by arguing either that the trial court erred in failing to direct a verdict of acquittal or denying a motion for new trial on the general grounds, the only question presenting itself to the appellate court is whether there is any evidence to support the verdict. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743). It is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict after it has been rendered. *Watts v. State,* 239 Ga. 725, 727 (1) (238 SE2d 894); *Ridley v. State,* 236 Ga. 147 (223 SE2d 131).

The conduct of a defendant before, during the time of, and after the commission of a crime, may be considered by the jury in establishing his intention and participation, to determine whether or not such intention and conduct were sufficient corroboration of the testimony of an accomplice to sustain a conviction. This may be done by circumstantial as well as by direct evidence. *Williams v. State,* 222 Ga. 208, 220 (149 SE2d 449). In this case the jury was authorized to conclude that Gregory and Curry both accosted Graham with drawn pistols, forcibly pulled him from a car, showed every intention of abducting him, and that while in pursuance of this criminal endeavor, Curry shot Graham in the back. The two defendants then fled together.

A conspiracy may be established by inference, as a deduction from acts and conduct establishing a common design to act together for the accomplishment of an unlawful purpose. *Hart v. State,* 139 Ga. App. 791, 792 (229 SE2d 673). Under the facts, the jury was authorized to find a common criminal purpose. When individuals associate themselves together to do an unlawful act, any act done in pursuance of that association, by any one of the associates would, in legal contemplation, be the act of

each of them. *Smith v. State,* 142 Ga. App. 810 (237 SE2d 216). We conclude under the evidence before the jury that the verdict of guilty was amply supported. The trial court did not err in denying the motion for directed verdict nor in denying the motion for new trial on the general grounds.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED OCTOBER 31, 1978 — DECIDED NOVEMBER 20, 1978.

*Michael C. Garrett,* for appellant.
*Richard E. Allen, District Attorney, Michael C. Eubanks, Assistant District Attorney,* for appellee.