57765. STROMING et al. v. THE STATE.

McMurray, Presiding Judge.

Four persons were indicted jointly for violation of the Georgia Controlled Substances Act (unlawful possession of marijuana). At the trial only three were in court, and upon conviction, each of the three defendants was sentenced to serve 10 years in the penitentiary. Defendants appeal. *Held:*

1. On June 26, 1978, an airplane landed on a secluded private air strip in Richmond County, Georgia. This plane was observed prior to landing by a person living approximately 300 yards from the air strip who heard and observed the aircraft. After it took off and departed from view bales of material packaged in big plastic bags were found and later identified as marijuana. Police officers were notified, and after their arrival approximately an hour later the aircraft was identified at Bush Field (a commercial airport operated by the City of Augusta) as the aircraft observed previously at the private air strip. The defendants who had landed at Bush Field at approximately 5:30 p.m. on June 26, were identified as the persons deplaning from the aircraft. The son of the owner of the private air strip identified the aircraft as the one having landed on the private air strip.

A search warrant was obtained and a search of the aircraft was conducted which resulted in the seizure of numerous items including marijuana residue taken from the carpet floor (marijuana seeds and some twigs) and a white flight bag containing elastic items known as "tie-downs." A piece of orange fibrous material was found at the air strip and a representative of the state crime lab testified that in comparing same with a sample taken from the carpet that same could have originated from the same source.

During the trial a police officer testified that one of

the defendants made an admission to him that "he came up here on a plane and landed at a deserted air strip near Augusta and threw off some bales of grass. That he did not smoke it but he knew what it was." All of the above was submitted in evidence as well as considerable testimony with reference to the type airplane (twin engine, twin fins, dirty white) observed in the air and on the ground at the private air strip, deep ruts in the soil, the length of the runway, and bales of marijuana in plastic bags on the east end of the runway and about 20 or 30 feet from the location where the airplane was spotted.

The air traffic controller at Bush Field testified he first noticed an aircraft on radar two or three miles away from the private air strip and the plane he had traced on the radar screen was a Lockheed Lodestar from which the three defendants deplaned and officers of the sheriff's department of Richmond County took possession of same almost immediately. Marijuana residue was also present in the white flight bag containing the numerous cargo tie-downs and the same type cargo tie-downs discovered on the bales of marijuana at the private air strip. Another witness testified that the Lockheed Lodestar which had been seized by the officers of the Richmond County sheriff's department on June 26, 1978, had been modified and customized by refurbished seats put in place on June 23, 1978 (now removed), when the plane was released by his company.

Based upon the above evidence the trial court correctly denied the defendants' motion for acquittal as the evidence was sufficient to authorize the jury to find the defendants guilty. See Bethay v. State, 235 Ga. 371 (219 SE2d 743); Watts v. State, 239 Ga. 725, 727 (1) (238 SE2d 894); Ridley v. State, 236 Ga. 147, 149 (223 SE2d 131); Gregory v. State, 148 Ga. App. 176 (251 SE2d 130). The jury could readily have found from the above evidence proof of guilt beyond a reasonable doubt. This case differs on its facts from that of Blankenship v. State, 135 Ga. App. 482 (218 SE2d 157); Braden v. State, 135 Ga. App. 827, 829 (219 SE2d 479); and Granger v. State, 142 Ga. App. 612 (236 SE2d 762), which involve the doctrine of equal access in which there was strong evidence in each of the cases of sole possession of the contraband by one of those

present at the scene.

To warrant a conviction on circumstantial evidence the proved facts should not only be consistent with the hypothesis of guilt, but should exclude every other reasonable hypothesis save that of the guilt of the accused. However, questions as to the reasonableness are generally to be decided by the jury after hearing the evidence, and the jury was authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt. See *Harris v. State,* 236 Ga. 242, 244 (1) (223 SE2d 643).

2. In all cases either party shall have the right to have the witnesses of the other party examined outside the hearing of each other which is the rule of sequestration. See Code § 38-1703. The mere fact that a defense witness was not sworn at the beginning of the trial and was not placed in sequestration with other prospective witnesses pending his being called to testify would not prevent him from testifying in the case. See *Stevens v. State,* 117 Ga. App. 41, 42 (3) (159 SE2d 456). Merely because a witness may have violated the rule of sequestration in some manner does not render him incompetent to testify and does not disqualify him from testifying. See *Pippins v. State,* 224 Ga. 462 (2), 464 (162 SE2d 338); *Brooks v. State,* 227 Ga. 339 (2), 341 (180 SE2d 721), and cases cited in both of these cases. See also *Shelton v. State,* 220 Ga. 610 (140 SE2d 839); *Baker v. State,* 143 Ga. App. 302, 305 (238 SE2d 241).

After this witness was called it was determined that his testimony was to be in rebuttal of evidence presented by the state with reference to a witness from Texas who had already departed. Based upon the fact that the trial court had issued strict rules as to sequestration of the witnesses that same would be strictly enforced, the court refused to allow this witness to testify, reserving until later consideration the violation of the rule by counsel. This witness was to testify as to the fact that one of the defendants was not present on the plane here involved on June 23, 1978, when the Lockheed Lodestar departed from the Fort Worth-Dallas area. Clearly, the trial court erred in refusing to allow this witness to testify. See *Stevens v. State,* 117 Ga. App. 41, supra; *Shelton v. State,*

220 Ga. 610, supra. The witness was competent to testify, and his testimony was relevant, material and necessary to an adequate defense of the charges against the defendants. Only the witness' credibility as a witness, not his competence, is affected. The trial court abused its discretion in disallowing this witness' testimony.

3. The trial court properly admitted post arrest statements made by one of the defendants that he came up to Augusta on a plane and landed at a deserted air strip where he threw off some bales of grass, that he did not smoke it but he knew what it was. This testimony in nowise amounted to or could be admissible against the other defendants. *Harris v. State,* 239 Ga. 123, 124 (2) (236 SE2d 71); *Bradley v. State,* 234 Ga. 664, 668 (217 SE2d 264). Compare *Crowder v. State,* 237 Ga. 141, 154 (227 SE2d 230); *Reeves v. State,* 237 Ga. 1, 3 (226 SE2d 567); *Edge v. State,* 144 Ga. App. 213 (240 SE2d 765).

4. In reviewing the propriety of a photographic identification procedure the court must first decide whether the identification procedure was impermissively suggestive and then determine whether even an impermissively suggestive identification creates a substantial likelihood of irreparable misidentification. Admitting that the witness acknowledged receiving photographs of the defendants from the district attorney's office along with a letter asking if he could identify any of the four men pictured in the photographs where there was no procedure whereby he was to choose the defendants from a series of photographs, we find no evidence that the situation here created a very substantial likelihood of irreparable misidentification as to this witness. See Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401); Manson v. Brathwaite, 432 U. S. 98 (97 SC 2243, 53 LE2d 140); *Smith v. State,* 239 Ga. 744, 745 (238 SE2d 884); *Smokes v. State,* 136 Ga. App. 8 (2) (220 SE2d 39).

5. The evidence concerning the continued association of the defendants after they were released from jail on bond was relevant, material and probative in determining and establishing their participation and culpability as to the crime with which they were charged. See *Gregory v. State,* 148 Ga. App. 176, 177, supra; *Smith v. State,* 142 Ga. App. 1, 3 (234 SE2d 816); Lutwak v.

United States, 344 U. S. 604 (3), 615-618 (73 SC 481, 97 LE 593).

*Judgment reversed. Banke and Underwood, JJ, concur.*

SUBMITTED MAY 2, 1979 — DECIDED OCTOBER 15, 1979 —
REHEARING DENIED OCTOBER 31, 1979.

*Kenneth R. Chance, Richard A. Gargiulo,* for appellants.

*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellee.