## 62333. KIMBREL v. THE STATE.
## 62334. SPIVEY v. THE STATE.

BIRDSONG, Judge.
The appellants were jointly tried and convicted of aggravated assault. Their appeals challenge the trial court's failure to charge the lesser included offense of simple battery notwithstanding their written requests. *Held:*
The evidence showed that at 2:00 a. m. on a Monday morning, appellant Kimbrel and appellant Spivey entered the residence of the victim by kicking down the front door. The victim, Jerry Landers, was attacked by Kimbrel and struck in the head with a blunt object. Both appellants then began beating and stomping him. Landers saw

a third man standing near the door, but this man did not enter the house. The victim's wife tried to run for help, but Spivey grabbed her by the wrist. Kimbrel was continuously beating and stomping Landers in the back. Kimbrel then left Landers and grabbed Mrs. Landers by the throat. Landers tried to come to his wife's assistance. He went after Kimbrel, and Spivey stopped him by plunging a knife into Landers' chest. The knife penetrated Jerry Landers' lung within one inch of his heart.

The appellants admitted that they and the third man drove to Jerry Landers' house in order for Kimbrel to beat him up or smack him around. Both appellants testified that they did not stab the victim, but that a third man, their driver Benny Parker had done the stabbing. Spivey denied ever fighting with the victim. Both appellants denied any intent to commit aggravated assault and testified that they did not know the third man would stab the victim, that he did so without their request, and that they did not act in concert with him.

The defense testimony, even if the jury believed it was true, does not entitle appellants to a charge on simple battery. Under any set of facts offered by the appellants, "the jury was authorized to find a common criminal purpose. When individuals associate themselves together to do an unlawful act, any act done in pursuance of that association, by any one of the associates would, in legal contemplation, be the act of each of them." *Gregory v. State,* 148 Ga. App. 176, 177-178 (251 SE2d 130); *Smith v. State,* 142 Ga. App. 810 (237 SE2d 216). The appellants went to the victim's house to cause him bodily harm and succeeded only too well, even if it was not they but an associate who, in furtherance of their common criminal purpose, delivered the worst blow. Whoever stabbed the victim committed not simple battery but aggravated assault (see *Guthrie v. State,* 147 Ga. App. 351, 353 (2) (248 SE2d 714)), and so, in contemplation of law, did his associates. This case is distinguished in law and in fact from the case cited by appellants, *Grey v. State,* 126 Ga. App. 357 (190 SE2d 557). In that case the involuntary manslaughter conviction of Bobby Lee Grey was reversed because Bobby Lee Grey's acts were disconnected from the homicide; he did not associate himself in common criminal purpose with his brothers to accomplish the act which resulted in the victim's death.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 13, 1981.

*Stanley R. Durden,* for appellants.

*Nat Hancock, District Attorney, T. Grant Madison, Assistant District Attorney,* for appellee.