65646, 65647. DAY v. THE STATE (two cases).

BIRDSONG, Judge.
Appellant Johnny Ray Day and appellant Jessie Day, brothers, were tried jointly and convicted of aggravated assault and sentenced to eight years, six to be served in confinement. The trial of a third

brother, Bobby Day, had been severed. Appellant Johnny Ray Day appeals on grounds that the trial court erred in admitting, over objection, hearsay and irrelevant testimony concerning incidents and concerning statements of the co-defendant Bobby Day whose trial was severed. Appellant Jessie Day contends the trial court erred in refusing to direct a verdict of acquittal in his favor. *Held:*

The evidence in this case is essentially that on a lake and barbecue outing with the victim and others (at which the co-defendant appellants were not present) appellants' brother Bobby Day became drunk and engaged in such foul and offensive behavior, including fighting, that the victim and others decided to take him home. When the group reached Bobby Day's home and Bobby Day was being removed from the car, brothers Jessie and Johnny Ray emerged onto the scene, with a pipe or bumper jack, a shovel, and a large stick or board and threatened to "kill" the persons struggling with Bobby Day. The appellant brothers then joined the struggle. During that struggle, the victim received several blows to the head and was left bleeding and unconscious; he sustained skull fractures, permanent partial blindness in one eye, permanent loss of depth perception, and a broken nose.

The admission of evidence and testimony concerning the events concerning Bobby Day's conduct at the lake party where appellants were not present, is not reversible error. The conduct of Bobby Day at that lake and barbecue party does not of itself impugn the character of his brothers; to the contrary, the evidence is clear that the brothers were not present at the event and had no part in Bobby Day's actions. In the absence of a direct express aspersion cast upon the appellants themselves in the recounting of those events, we will not presume the jury was unable to distinguish between the later acts of the appellants and the prior acts of another person outside the presence of the appellants. The evidence was not hearsay, but was the direct testimony of witnesses who observed the events. Moreover, it was admitted to show the conduct of the victim and others in removing Bobby Day from the lake party and taking him home; and hence had a direct bearing on the actions of Bobby Day upon arriving home and the actions of his brothers in concert with him. Without the evidence, the acts of the appellants could not be evaluated in context. In no event was the evidence even prejudicial; it is highly probable it did not affect the verdict against the appellants, since the jury was authorized to find that the evidence as to the independent criminal acts of the appellants Jessie Day and Johnny Ray Day was overwhelming, and it authorized a reasonable trier of fact to rationally find from that independent evidence proof of guilt beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71);

*Hamilton v. State,* 239 Ga. 72, 77 (235 SE2d 515); *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869); *Cauley v. State,* 130 Ga. App. 278, 286-288, 290-293 (203 SE2d 239).

Appellant Johnny Ray Day contends he was entitled to a directed verdict of acquittal because the victim was unable to remember seeing Johnny Ray hit him, or seeing Johnny Ray at all; because another witness saw Johnny Ray with a pipe or jack but did not see Johnny Ray hit the victim; another witness saw Johnny Ray with a jack or stick, but did not see the victim get hit but saw Johnny hit the witness' uncle across the back with a stick; and because another witness saw Johnny Ray hit the victim from the rear across the shoulder and back of the head, while the evidence allegedly shows that the victim was struck and injured only on the front of his head.

If all this testimony be true, nevertheless, Johnny Ray Day is chargeable with the aggravated assault on the victim. "[O]ne who joins in a common design with others to commit an unlawful act is equally liable for the consequences . . . resulting from a common assault." *Grey v. State,* 126 Ga. App. 357, 358 (190 SE2d 557). "When individuals associate themselves together to do an unlawful act, any act done in pursuance of that association, by any one of the associates would, in legal contemplation, be the act of each of them." *Gregory v. State,* 148 Ga. App. 176, 177-178 (251 SE2d 130). *Smith v. State,* 142 Ga. App. 810 (237 SE2d 216). As we said in *Kimbrel v. State,* 160 Ga. App. 40, 41 (285 SE2d 775), under similar circumstances, "[t]he appellants went to the victim's house to cause him bodily harm and succeeded only too well, even if it was not they but an associate who, in furtherance of their common criminal purpose, delivered the worst blow. Whoever stabbed the victim committed . . . aggravated assault . . . and so, in contemplation of law, did his associates."

Accordingly, the appellant Johnny Ray Day was not entitled to a directed verdict of acquittal.

*Judgments affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 19, 1983.

*Donn M. Peevy,* for appellant (case no. 65646).
*Wynn Pelham,* for appellant (case no. 65647).
*W. Bryant Huff, District Attorney, Genevieve L. Frazier, Assistant District Attorney,* for appellee.