## 74607. HART v. THE STATE.
### (363 SE2d 599)

CARLEY, Judge.

In a single indictment, appellant and four others were charged with rape, kidnapping with bodily injury, false imprisonment, and two counts of aggravated sodomy. Separate trials were held. At appellant's trial, the jury returned verdicts of guilty on the charges of rape and false imprisonment and verdicts of not guilty on the remaining charges. Appellant appeals from the judgments of conviction and sentences entered on the guilty verdicts.

1. Over appellant's objection, the trial court admitted evidence of a sexual assault which had been committed by a co-indictee. This sexual assault had occurred on the same night as the crimes for which appellant was being tried but appellant was not directly involved in its commission. The trial court admitted the evidence of the sexual assault by the co-indictee with instructions to the jury to consider it only if a conspiracy between the co-indictee and appellant was found to exist. Appellant enumerates the admission of this evidence as error.

" 'A criminal conspiracy has been defined as "a combination or agreement between two or more persons to do an unlawful act, and this may be established by proof of acts and conduct, as well as by direct proof or express agreement." [Cit.] A criminal conspiracy may be established by evidence that two or more persons, by some concerted action, combined to accomplish a criminal purpose by criminal means. [Cit.]' " *Walls v. State*, 83 Ga. App. 318, 320 (2) (63 SE2d 437) (1951). The indictment in this case did not allege the existence of a conspiracy between appellant and the other co-indictees. However, " '[i]t has been repeatedly held by this court that a conspiracy may be proved, though not alleged in the indictment or accusation. [Cits.]' [Cit.]" *Bruster v. State*, 228 Ga. 651, 652 (2) (187 SE2d 297) (1972). There was sufficient evidence produced at appellant's trial to authorize the trior of fact to find that a conspiracy existed to commit a sexual assault upon two females and that appellant and his co-indictees were members of that conspiracy. " 'When individuals associate themselves together to do an unlawful act, any act done in pursuance of that association, by any one of the associates would, in legal contemplation, be the act of each of them.' [Cits.]" *Kimbrel v. State*, 160 Ga. App. 40, 41 (285 SE2d 775) (1981). Thus, the evidence authorized a charge on the law of conspiracy, and the trial court so charged. The trial court also repeatedly instructed the jury to consider the testimony regarding the criminal conduct of the co-indictee as relevant evidence against appellant *only* if a conspiracy was found to exist. The trial court did not err in admitting the testimony.

2. Appellant enumerates as error the trial court's denial of two of

his motions for mistrial predicated upon the State's introduction of certain evidence. In both instances, the only objection raised by appellant's counsel was that the evidence was "irrelevant, immaterial and prejudicial" and warranted a mistrial. "A mistrial will not lie where the evidence is admitted without objection. [Cit.]" *McCormick v. State*, 152 Ga. App. 14, 15 (2) (262 SE2d 173) (1979). "An objection to evidence on the ground that it is irrelevant, immaterial and prejudicial is 'entirely too vague and general to present any question for determination by the trial court, and the overruling of this objection did not constitute reversible error. [Cits.]' [Cit.] '[A] mere general objection to evidence that it is immaterial, inadmissible and prejudicial is too general to present any question for decision. [Cit.]' [Cit.]" *Croom v. State*, 165 Ga. App. 676, 677 (3) (302 SE2d 598) (1983). On the day following the denial of his motions for mistrial, appellant attempted to enlarge upon the grounds of his objection to the evidence and to renew the motions for mistrial. However, these efforts came too late. *Garner v. State*, 180 Ga. App. 146, 147 (1) (348 SE2d 690) (1986); *Dye v. State*, 177 Ga. App. 824 (341 SE2d 314) (1986). This enumeration is without merit.

3. Prior to admitting appellant's in-custody statement into evidence, the trial court conducted a lengthy *Jackson-Denno* hearing. Although not without conflict, the evidence produced at that hearing did support the trial court's finding that appellant's statement had been freely and voluntarily made. "A trial court's findings as to factual determinations and credibility relating to the admission of in-custody statements will be upheld on appeal unless clearly erroneous. [Cit.]" *Stephens v. State*, 170 Ga. App. 342, 343 (317 SE2d 627) (1984). See also *Williams v. State*, 167 Ga. App. 42, 44 (3) (306 SE2d 46) (1983). The trial court did not err in admitting appellant's in-custody statement into evidence.

4. Appellant took the stand in his own defense. On cross-examination, he was asked: "You were smoking pot that night, weren't you?" Appellant's counsel objected and moved for a mistrial. The trial court sustained the objection, but denied the motion for mistrial. Appellant enumerates the denial of his motion for mistrial as error.

"The [S]tate is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. [Cit.] This is true even if the defendant's character is incidentally placed in issue." *Satterfield v. State*, 256 Ga. 593, 598 (6) (351 SE2d 625) (1987). "The [S]tate is entitled to inform the jury of all the circumstances surrounding the commission of the crime or crimes charged and we find no error in admitting this evidence as part of the res gestae even though it may have incidentally placed the defendant's character in

evidence. [Cit.]" *Chambers v. State*, 250 Ga. 856, 859 (2) (302 SE2d 86) (1983). See also *Wolke v. State*, 181 Ga. App. 635, 636 (2) (353 SE2d 827) (1987). Accordingly, if the trial court erred, it was only insofar as it sustained appellant's objection to the question and not insofar as it denied appellant's motion for mistrial. Evidence as to whether appellant was under the influence of alcohol or drugs on the night in question was part of the res gestae of the crimes and was admissible as such.

*Judgments affirmed. Banke, P. J., and Benham, J., concur.*

Decided November 23, 1987 —
Rehearing denied December 2, 1987 — ▮▮▮▮▮▮▮▮▮

*Albert F. Burkhalter, Jr.*, for appellant.
*Frank C. Winn, District Attorney, J. David McDade, Assistant District Attorney*, from Douglas Circuit, for appellee.